UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOSE NODARSE, Individually
and on behalf of others similarly situated,

    Plaintiff,

v.

BARRIOS SECURITY CORPORATION,
HENRY BARRIOS, Individually,
MIAMI MARINA VENTURES, LLLP and
INTEGRA MARINAS OPERATOR, LLC

    Defendant.
_____/

**COLLECTIVE ACTION
COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOSE NODARSE, individually and on behalf of others similarly situated, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendants, BARRIOS SECUIRTY CORPORATION (hereinafter known as "BARRIOS"), HENRY BARRIOS, Individually (hereinafter known as "H. BARRIOS"), MIAMI MARINA VENTURES, LLLP (hereinafter known as "MARINA VENTURES"), INTEGRA MARINAS OPERATOR, LLC, (hereinafter referred to as "INTEGRA"), (collectively known as "DEFENDANTS") and alleges as follows:

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Southern District of Florida, Miami Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Miami-Dade County, Florida.

4. Defendant, Barrios, is a Florida corporation licensed and authorized and doing business in Miami-Dade County, Florida. At all times material Barrios was an employer as defined by the FLSA.

5. Defendant, H. Barrios, is an officer, director, manager, owner, and/or operator of Defendant, Barrios Security Corporation, and was directly involved in the day-to-day operations of Barrios Security Corporation, had direct responsibility for the supervision of Plaintiff, as well as control over the compensation paid to Plaintiff, and individually took the adverse employment

action against Plaintiff's complaint of herein, and therefore, is individually liable for the violations of law complained of herein pursuant to the FLSA.

6. Defendant, Marina Ventures, is a Florida corporation licensed and authorized and doing business in Miami-Dade County, Florida. At all times material Defendant was an employer as defined by the FLSA.

7. Defendant, Integra, is a Florida corporation licensed and authorized and doing business in Miami-Dade County, Florida. At all times material Defendant was an employer as defined by the FLSA.

8. As part of Plaintiff's duties for the Defendants, Plaintiff regularly engaged in commerce, handled goods in commerce, and the production of goods for commerce. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(2) and Section 448.08, Florida Statutes, Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d) and Section 448.08, Florida Statutes, and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g) and Section 448.08, Florida Statutes.

9. Defendants are joint employers and/or a common or integrated enterprise.

## GENERAL ALLEGATIONS

10. At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

11 Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

12. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of his job with Defendants, 29 U.S.C. §207(a)(1).

13. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

14. Plaintiff began his employment in or around 2019 as a Security Guard.

15. Plaintiff regularly worked hours over forty (40) in a work week, however Plaintiff was not compensated for the required overtime premium.

16. Defendants have a policy or pattern/practice of improperly calculating the lawful overtime rate of Plaintiff and others similarly situated.

17. Plaintiff estimates he worked approximately sixty hours per week but was paid straight time for all hours worked, no matter how many hours he worked per week.

18. All records necessary to calculate the amount of overtime monies due are in the possession of the Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

19. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

20. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

21. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

22. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

23. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

24. Defendants' failure to pay Plaintiff overtime at a rate not less than 1

and ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

25. Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

26. Defendants' violations of the FLSA was intentional and willful and in reckless disregard of the rights of Plaintiff. Defendants knew that its conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

27. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

28. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

29. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants including, but not limited to:

    a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b.      Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.      Awarding prejudgment interest;

d.      Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.      Determining that the FLSA was violated and an adjudication on the merits of the case;

f.      Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME
## (COLLECTIVE ACTION)

30.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

31.     At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

32.     Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

33.     At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendants in

excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

34. Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

35. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

Dated this 8th day of November 2023.

                                FLORIN | GRAY

                                /s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No.: 907804
wflorin@floringray.com
Miguel Bouzas
Florida Bar No.: 48943
miguel@floringray.com
16524 Pointe Village Drive, Suite 100

                                    Lutz, FL 33558
                                    Telephone (727) 220-4000
                                    Facsimile (727) 483-7942
                                    Attorneys for Plaintiff